\*CRAMMOND, Executor, &c. *against* ROOSEVELT.  [\*282]

Where the attorney for the defendant suffered an inquest to be taken by default at the sittings, supposing there was no defence, the court refused to set aside the default, to let the defendant in, to show *usury* as a defence.

S. JONES, jun. for the defendant, moved to set aside an inquest taken by default at the last July circuit in New York, and for leave to plead to the merits.   It appeared that the general issue was pleaded and an inquest was taken, of which the defendant's attorney was apprised at the time ; but that, through a misunderstanding between him and his client, he did not suppose there was a defence to be made in this suit. The defence was *usury*, which the attorney supposed was to be made in other suits only, in which he was concerned for the same defendant, but which was also applicable to this, and is now intended to be set up.

*Jones* cited Salk. 513.  1 Wils. 98.  12 Mod. 439.  Stiles, 466.

*P. A. Jay*, contra.

*Per Curiam.*   The defendant has had a full opportunity to make his defence, and the inquest was deliberately suffered to be taken.   After this he must be precluded.   It would be too loose again to open the cause for a defence, on the ground of a mistake, either in the defendant or in his counsel.   Here was no circumvention or deception on the part of the plaintiff, and the defendant can have no legal claim beyond a fair opportunity to make his defence.   Public policy and expediency, as \*well as the danger of [\*283]

such a precedent, require that thereafter there shall be an end to litigation.

The motion must be denied.

Motion denied.(a)

(a) See Graham's Practice, 294, and cases.