NEW-YORK,
May, 1829.

Jackson
v.
Varick.

JACKSON *vs.* VARICK.

Where a party has omitted to plead the statute of limitations, the court will not suffer him to amend by adding that plea. The action for *mesne profits* forms no exception to the rule.

MOTION for leave to add a plea of the statute of limitations. The action is trespass for *mesne profits,* commenced in May vacation, 1827, demise laid 3d August, 1819. The defendant pleaded the *general issue* alone, and now applied for leave to add a plea of the statute of limitations, on an excuse offered by the attorney in the cause that he had been advised by counsel to put in such plea, without regard to the plea of the statute of limitations. It further appeared that the defendant was a purchaser under a covenant of warranty of the premises, for the mesne profits of which the action was brought.

*S. A. Foot,* for the defendant, admitted that where the plea of the statute of limitations is a bar to the whole cause of action, and the defendant has omitted to avail himself of the opportunity of interposing it, courts will not suffer him to amend by adding such plea ; but he contended that this case should be excepted from the general rule. The plea here would operate only as a bar to all beyond six years ; and, as the defendant could recover back from his grantor only for that time, it was equitable and just that he should be permitted to add the plea of the statute of limitations.

*D. B. Tallmadge,* contra.

*By the Court,* SUTHERLAND, J. It is said that the defendant will not be able to recover from his grantor beyond six years interest on his covenant of warranty, and that therefore this case should form an exception to the general rule which governs in these cases. We do not think so. The rule is uniform, that if a party neglects to plead the statute of limitations, he loses his plea. The statute of limitations is a strict defence, and if the party lets it slip, the court will not relieve him. The motion is denied, with costs.