Allen *v.* Mapes.

---

### Allen *vs.* Mapes.

On setting aside an inquest taken at the circuit, the court will not, in addition to the usual terms of relief, impose the condition that the defendant shall abandon the defence of *usury*, or of the *statute of limitations*, if either of such defences has been interposed.

On a motion to set aside an *inquest* taken at the circuit, where the default of the defendant was satisfactorily excused, it was shown on the part of the plaintiff that the defence relied on by the defendant was *usury*, in the making of the note the foundation of the action, and it was insisted that in addition to the usual terms of relief, the defendant should be required to relin-

quish the defence of usury. This was asked on the authority of the case of *Fox* v. *Baker*, 2 *Wendell*, 244.

*P. Cagger*, for the motion.

*A. Taber*, contra.

*By the Court*, BRONSON, J. It is, no doubt, the constant practice in these appeals to the equity powers of the court, to impose such terms on granting relief as the special circumstances of the case may seem to require ; and where a defendant has let slip the opportunity of pleading what has sometimes been called an unconscionable defence, as the statute of usury or of limitations, leave to plead anew has been denied. *Beach* v. *Fulton Bank*, 3 *Wendell*, 585, 587, *and cases cited, per Savage, Ch. J.* There may be cases where, in the exercise of a sound discretion, we should refuse to set aside an inquest regularly taken, or to grant any other favor to the defendant which would enable him to set up a hard and inequitable defence. But here the defendant does not ask to add a new plea ; his defence was interposed at the proper time, and it has been lost by the mere accident that his counsel forgot to prepare an affidavit of merits in due time. There has been no delay. The plaintiff may still have a trial as soon as it could have been obtained if the cause had taken its regular course on the calendar. If we impose a condition requiring the defence of usury to be abandoned, we must, in effect, say that any accident by which the plaintiff obtains a regular default will always exclude this defence. I cannot go so far. Whatever we may think of the policy of the statute against usury, it is our duty to enforce it so long as it remains on the statute book. The nature of the defence should never be taken into consideration in granting applications of this kind, except under very special circumstances. It is questionable whether the facts are fully stated in *Fox* v. *Baker*. But however that may be, the case, as reported, has not been followed. Relief has often been granted, where the defence was usury or the statute of limitations, without imposing any such

terms as the plaintiff asks in this case. The inquest must be set aside on the usual terms of paying the costs of the circuit and subsequent proceedings, including the costs of opposing this motion.

Ordered accordingly.