By the Court, Bronson, J.
It will not be necessary to notice more than one of the objections to this motion. Under the law of 1837, when the defendant pleads or gives notice of the defence of usury, and verifies his plea or notice by affidavit, he may call and examine the plaintiff as a witness to prove the usury. (Stat. 1837, p. 487, § 2.) Although this law may be constitutional—a question which I shall not examine—still, as the consequence of making out the usury is a forfeiture of the whole debt, I thought the morality of the statute very questionable, and said as much in the Bank of Salina v. Henry, (1 Hill, 555.) A law which does not stop with redressing the wrong, but inflicts a heavy penalty, and then compels the party to become his own accuser—thus placing his worldly interests in one scale, and his duty to God and his own consciencec in the other—such a law, instead of proving our onward course in civilization, points backward to the dark ages, when the rack was thought a fitting instrument for eliciting truth and for regulating men’s opinions. Such laws operate as a snare to the conscience. There have been many cases where the defendant has sworn, to the defence of usury, and called the plaintiff as a witness to prove it: but I have never heard of one where the defence succeeded on the trial. There must of course have been perjury on one side or the other; and that is about all the good which has been accomplished by this statute.
Nothing was said in the Bank of Salina v. Henry about the morality or the policy of usury laws in general. I spoke only of that branch of the law of 1837, which compels a party to testify against himself upon a question going to the forfeiture of the whole debt—a feature that I have never seen in any other usury law, ancient or modern. And my opinion did not *225 turn on the morality or the policy of the law, as has been very erroneously supposed; but was based upon the principle that it was the business of the courts to administer the laws as they were made, and leave the work of amending them to the legislature. Although the judgment in that case has recently been reversed, the decision of the court of errors does not touch the present question, (a)
I am very far from entertaining the opinion that this law, so long as it remains upon the statute book, should not be enforced; and I have only spoken of its character in order to show that the defendant is not entitled to any unusual favor for the purpose of enabling him to make out a forfeiture by the plaintiff’s oath. The defence of usury is open to him; but he is not entitled to an amendment, by way of giving him this extraordinary remedy. Usury and the statute of limitations have been thought hard and. unconscionable defences, and amendments have often been refused where the defendant wished to put himself upon either of those grounds. In Cox v. Rolt, (2 Wils. 253,) the court refused leave to add a plea of the statute of limitations, saying that such a plea was not for the furtherance of justice. In Coit v. Skinner, (7 Cowen, 401,) the defendant asked leave to substitute a plea of the statute of limitations for one of payment; but it was refused, the court saying, it had often been held that a plea of the statute of limitations would not be received as a matter of favor, by way of amendment, after the period for pleading as a matter of right had elapsed. In Hallagan ads. Golden, (1 Wend. 302,) leave to add such a plea was denied, although the general issue had only been put in by the attorney to save a default, in the absence of the defendant and his counsel. The court said, such a plea is never allowed to be added after issue joined. In Jackson v. Varick, (2 Wend. 294,) a like application was refused, with the remark, that the statute of limitations is a strict defence, and if the party lets it slip, the court will not relieve him. In Fox v. *226 Baker, (2 Wend. 244,) the defendant was required to withdraw such a plea as one of the conditions for obtaining relief from an inquest, although he denied having received notice of trial. That was, I think, going too far. We have not of late been in the habit of imposing such hard terms where the defendant seeks to get rid of an accidental default. In Gourlay v. Hutton, (10 Wend. 595,) a default Avas set aside without restricting the defendant from pleading the statute. A distinction was taken between opening a default when sufficiently excused, and permitting the defendant to add a plea. (And see Allen v. Mapes, 20 Wend. 633.)
Usury has been regarded as a still more unconscionable defence. If the defendant intends to rely upon it, he must take care to set it up at the proper time, and in the proper way. He is not entitled to any special favor for the purpose of enabling him to bring about a forfeiture of the debt. It will be sufficient to refer to some of the cases, as they are all one xvay. (Fulton Bank v. Beach, 1 Paige, 429, and 3 Wend. 573,. 585, S. C. in error; Utica, Insurance Comp. v. Scott, 6 Cowen, 606; Law v. Merrills, 6 Wend. 268, 277, 279.) In Allen v. Mapes, (20 Wend. 633,) we set aside an inquest where the default was sufficiently excused, without compelling the defendant to relinquish the defence of usury. This was done upon the distinction already noticed between relieving against an accidental default, and permitting the defendant to amend for the purpose of setting'up a hard defence. Although some fault has been found with that case, I still think it was rightly decided.
If such be the rule in relation to the statute of limitations and the old statute of usury, there can be no doubt that this amendment should be denied; for the defendant not only asks the favor for the purpose of establishing a forfeiture of the debt, but he seeks to accomplish that object by applying the torture to the plaintiff’s conscience.
Motion denied.(b)

o) See Henry v. The Bank of Salina, (5 Hill, 523.)

 See Wolcott v. McFarlan, (post p. 227.)