perfected appeal *under the Code*, did not *of itself* stay an execution previously levied.

But the case before us is not a proceeding in the court below upon the judgment, nor upon a matter contained therein. The suit upon the undertaking might have been brought in any court of competent jurisdiction as well as in the court where the judgment had been affirmed. The case of Thompson *v.* Blanchard (2 *Comst.*, 562) differs widely from the one now under consideration, both in its facts and in the principles involved therein.

The only question which this appeal brings before us is one of law; and we find no error in the decision of the judge. We must therefore affirm the judgment, leaving the defendant to move for a stay of proceedings, or to make such other application as he may be advised.

Judgment affirmed, with costs.

---

## MORRIS *a.* SLATERY.

*New York Superior Court, Special Term, December*, 1857.

### OPENING DEFAULT.—USURY.—PLEADING.

In the New York Superior Court, a default regularly taken will not be opened to allow the defendant to interpose the defence of usury.*

The cases on this subject reviewed.

Whether an inquest regularly taken ought to be opened at all, simply on the ground of the actual engagement of counsel in another court,—*Query?*

---

* In the case of Potter *v.* Clark, decided at the same term, a similar application was denied. In that case, the answer sought to be interposed set up that the note in suit was drawn by the maker in favor of the payee to enable the payee to take up a previous note made by the same maker, for the accommodation of the same payee, and which was then held by one H.; that the note in suit was delivered to H. for the purpose of getting it discounted through him, and that he might apply the proceeds to the payment of the former note; that H. procured it to be discounted at a usurious rate of interest by the plaintiff, and then fraudulently applied the proceeds to his own use, and that the defendant was compelled to pay the first note. In refusing the motion, Mr. Justice Hoffman said that it was very doubtful to him whether the facts stated showed any usury,—any thing more than the sale of a valid note for less than its face; and he considered the doubt as to the sufficiency of the answer an additional reason for denying the application.

*It seems,* that an answer stating that the note in suit, having been made without consideration, " was negotiated at a rate of interest exceeding seven dollars per annum upon the one hundred dollars, for one year, and that the plaintiff· took the said note at such usurious rate of interest," would be insufficient, on demurrer, for not stating the rate of usury.

Of the proper method of pleading usury.

Application to open a judgment and set aside an inquest taken against the defendant.

*Mr. Willard,* for the motion.

*Mr. Glover,* in opposition.

HOFFMAN, J.—This case was placed upon the calendar for short causes, made out under a special order of the court; and it is admitted by the counsel of the defendant, that he appeared before the justice who superintended the formation of that calendar, and opposed the motion to place the cause there. With equal candor he has admitted, upon the present argument, that the inquest which has been taken cannot be questioned upon any ground of irregularity. Upon looking carefully over the papers, I think this was properly conceded.

The case, then, is this,—Ought an inquest thus taken to be opened at all, simply on the ground of the actual engagement of counsel in another court—a pressing engagement—in a cause which had continued a number of days, and when he had induced the judge there to adjourn at an earlier hour than usual, in order to enable him to attend to the present case, but which adjournment came too late? If in a case of an apparently meritorious defence such reasons should prevail, then ought they to do so when the only defence is usury?

1. It is true that when the counsel in a cause are not only apprised by a published order that it may be placed on the short calendar, but have actually opposed its being placed there, their duty to attend to it becomes more imperative than in ordinary cases; otherwise the utility of such a calendar would be much impaired. Yet I should be much disinclined to refuse the present application on this ground, under its very peculiar circumstances, upon suitable terms.

2. The defence is thus stated in the answer : " That the promissory note" (sued upon) " was made by the defendant, and deliv-

ered to George Mountjoy, the payee thereof, as the agent, and for the accommodation of one Joseph S. Taylor; that neither Mountjoy nor Taylor ever paid the defendant any consideration or value therefor; that it was for the purpose of enabling Taylor to raise money for his use; and that Mountjoy (the payee) negotiated and sold the note to the plaintiff at a rate of interest exceeding seven dollars per annum upon the one hundred dollars for one year; and that said plaintiff took the said note at such usurious rate of interest, and with full knowledge that it was lent by the defendant to Taylor, and was without consideration." He therefore avers that such note is usurious and void.

It may be doubted whether the defence of usury is properly set up in this answer. Certainly it would have been defective under the rules of pleading before the Code. Rowe v. Phillips (2 *Sandf. Ch. R.*, 14) is a sufficient authority to this point as to an answer in equity; and the authority of that case appears to be recognized in Catlin v. Gunter (1 *Kern.*, 373). Curtis v. Marten (11 *Paige*, 15) is equally decisive.

Cloyes v. Thayer (3 *Hill*, 564) declares the rule with equal certainty, as to a plea at law, or a notice under the statute, substituted for it.

Is it clear that the Code has varied this rule? It would seem, on the contrary, that by requiring pleadings to state all material facts, it condemns such a generality.

Fay v. Grimsteed (10 *Barb.*, 321) is a decision to the effect that the terms of a usurious contract must be set up in the answer fully and minutely. But the case more particularly involved a question of variance between the allegations and the proof given at the trial, and another question as to the utter insufficiency of any evidence competent to be submitted to the jury. Gould v. Horner (12 *Barb.*, 601) is a very strong case. A defence was usury in the note, the subject of the action. I gather from the case that the judge at the trial refused to admit evidence under the defective allegation of the complaint, which was similar to that in the present case. The question was examined at the general term of this district, principally upon chancery authorities, and the judgment for the plaintiff was affirmed. It is to be noticed that the 160th section, as to making pleadings definite, being referred to, the court say that that provision was not enacted when the pleadings were served in 1848.

Nothing can be stronger than the language in which the court recognize the rule regarding the form of the defence as it prevailed before the Code.

I am also strongly inclined to think that under section 153, as amended in 1855, a demurrer for insufficiency, stating the grounds, would lie to this answer.

It may be that if, upon the trial, usury was fully made out, the case of Catlin *v.* Gunter would justify an amendment to conform to the proofs. That is a very different case from the present. When the parties have gone into evidence upon a defective pleading, and a case is made out, an amendment, under the Code, is not a mere favor, but very much of the nature of a right (1 *Kern.*, 375).

Again, Justice Johnson, in delivering the opinion of the court, in Catlin *v.* Gunter (1 *Kern.*, 375), concedes that a general allegation in an answer, that a note was usurious in its inception, would be bad for its generality; and then proceeds to state that certain particulars were set forth regarding the loan, and comments upon those disproved, or as to which the proof varied.

Thus the question seems to me to be this: When the court is called upon to extend an indulgence to the defendant, can it be called upon to amend a pleading also, or treat it as made, when the defence is one of this character? I think not.

3. But if this objection is not decisive, then may the court make the waiver of usury a condition of its opening this inquest and judgment? The application is strictly and solely to its favor.

It may not be denied, that by the practice of the Court of Chancery, a defendant, under similar circumstances of a decree or order by default, would be compelled to submit to such terms.

When Beach *v.* The Fulton Bank was before the chancellor (1 *Paige*, 429), he first denied the application to open the proofs, in order to re-examine a witness to prove the usury which had been set up in the answer. That witness had been examined in an action at law, and the fact he wished to depose to now was then stated by him. Afterwards, and upon similar grounds, the chancellor denied a motion to amend the answer. That answer did set up usury, but without the particulars as afterwards supposed to be known.

In the Court of Errors (3 *Wend.*, 585), Chief-justice Savage

said: "There were certain defences which were legal, but were not encouraged, and were sometimes called unconscionable." He proceeds to instance usury and the statute of limitations. He adds, "When defences of this nature are interposed, and when the court must see that the defendant is seeking to avoid the payment of an honest debt, they will require him to bring himself within the practice of the court; and if he make a slip, they will not treat him with that indulgence which is freely extended to others."

In The Western Reserve Bank *v.* Potter (1 *Clarke*, 432), it was held that if, in a usury case, it was necessary to come to the court for a favor, a condition might be imposed of compelling the payment of the money actually loaned.

In Baxter *v.* Lansing (7 *Paige*, 350), the chancellor repeats the general rule as applicable to all cases of penalty or forfeiture. He states Beach *v.* The Fulton Bank as deciding that a defendant, who has made a slip in setting up usury as a defence, cannot be relieved except upon payment of the amount actually due.

In King *v.* The Merchants' Exchange Company (2 *Sandf.*, 697), the proposition was stated in the broadest terms, "that the party came before the court asking as a favor what he could not claim as a right. That it was a well-established rule, that the court will never open a default, or relieve a party from the consequences of his own neglect, in order to enable him to set up an unconscientious or dishonest defence." The defence sought to be introduced was, that the corporation had not power to issue the bonds in question, on which they had received money.

Bard *v.* Foot (3 *Barb. Ch. R.*, 633) was the case of a bill regularly taken as confessed, and a motion to open the order, to let in the defence of a violation of the restraining act. The chancellor said: "It would be contrary to the settled practice of the court to grant the defendants the favor of opening the default, except upon the terms of paying the money actually received from the company." He cites Martin *v.* Broadus (1 *Freem. Ch. R.* (Miss.) 35), and denied the motion.

The cases at law in our own courts, to which I have been referred, are Jackson *v.* Varick (2 *Wend.*, 294); Fox *v.* Baker (2 *Ib.*, 244); Gourlay *v.* Halton (10 *Ib.*, 595); Allen *v.* Mapes (20 *Ib.*, 633); Lovett *v.* Cowman (6 *Hill*, 224); and Wolcott *v.* McFarlan (6 *Ib.*, 227.)

Several of the cases relate to the statute of limitations; and if it is settled that a defendant, upon being let in, will not be compelled to abandon a plea of the statute, it is equally clear he will not be allowed to amend, by pleading it *de novo*.

Justice Bronson says, in Lovett *v.* Cowman, that the plea of usury has always been regarded as a still more unconscionable defence. And there permission was refused to annex a new affidavit to a notice of usury, in order to entitle the defendant to examine the plaintiff under the act of 1857.

In regard to Allen *v.* Mapes, which Justice Bronson says has been found fault with, it leaves the point still in the discretion of the court, according to circumstances. But if the language is to be understood as declaring a settled rule, then I confess I do not see how Lovett *v.* Cowman can be reconciled in principle with it.

In my judgment, the law warrants the exclusion of this defence, upon an application to open an inquest, and set aside a judgment regularly obtained. Section 173 of the Code, which recognizes the power of the court, provides that it shall be on such terms as shall be proper.

It is probably better for the defendant, with a view to an appeal, that I should deny the motion entirely, than grant it upon terms.

Such, therefore, will be the order.