JOHN F. FARISH v. JOHN B. CORLIES and HENRY A. BURT.

An order granting or denying a motion to open an inquest cannot be reviewed
   on appeal by the General Term.
The defence of usury is an unconscionable one, and the courts will not usually
   open a judgment obtained by default to establish it or allow the amendment
   of a pleading for that purpose.

Appeal by defendants from an order made at Special Term,
denying a motion to open a default.

The complaint was upon a promissory note made by John
B. Corlies, and endorsed by Henry A. Burt. The defendant
Corlies answered, setting up that the indorsement was merely
for accommodation, and that the note was taken by the plain-
tiff from him on a usurious consideration. The defendant Burt
also set up that this indorsement was for accommodation
merely, and usury, and also denied any knowledge or belief
of presentment or protest. An order was obtained by the
plaintiff to place the cause on the calendar for short causes for
the last Friday of the December term, and the order duly
served on the defendants' attorneys.

Upon the second Friday of December, being the last day
of the term, the case was called, and the defendants having
made default, an inquest was taken and regularly entered.

The defendants applied on affidavit, that they had believed
the day to be the last Friday in December, and had a good
defence on the merits to open the default. The plaintiff op-
posed the motion on affidavits showing Friday, the 13th, to
have been the last day of the term, and also that before taking
the note plaintiff had made inquiries of the defendants, and
had been informed the note was good business paper.

The motion was denied, and the defendant appealed to the
General Term.

Farish v. Corlies.

*Pennington, Sullivan & Harrison,* for the appellants.

I. The defendants were entitled under the order to show cause to an order to set aside the default and judgment, and to be let in to prosecute their defence on terms. (1) The fault, if any, was not that of the defendants, but wholly that of their attorneys. (2) The power of the Court to open the default was ample. (*Code,* § 174.) The power thus conferred should be liberally exercised, and as a general rule, relief has been afforded as a matter of course in all cases reasonably capable of being reduced to any of the four categories mentioned in this section. (*Allen* v. *Hackley,* 4 How. 5; *Linde* v. *Verity,* 3 How. 350; *Galutat* v. *Downs,* 1 Code R. 120; *Foster* v. *Udell,* 2 Code R. 30; *Dudley* v. *Hubbard,* 2 Code R. 70; *McGiffigan* v. *Jenkins,* 1 Barb. 31; *Grant* v. *McCaughin,* 4 How. 216; *Washburn* v. *Herrick,* 4 How. 15; *Kellogg* v. *Klock,* 2 Code R. 28; *Lawler* v. *Saratoga Ins. Co.,* 2 Code R. 114; *Raynor* v. *Clark,* 7 Barb. 581; *Litchfield* v. *Burwell,* 5 How. 341; 1 Whittaker's Prac., pp. 452 and 453.)

II. The defence of usury is not unconscionable. It is both legal and consistent with public policy, and if not to be favored, at least ought to stand on the same footing as all other legal defences. The Statutes of this State not only declare usurious contracts void, but make the taking of usury a misdemeanor punishable by fine and imprisonment. The case of *Toole* v. *Cook,* 16 How. 142, is not in point against the defendants. In that case the defence had not been actually interposed, as in this. Here were no laches on the part of the defendants. They had pursued their rights and defence diligently, and they bring themselves within the cases in which defaults have been held excusable. (2 *Abbott's N. Y. Dig.,* p. 391.) The question here is not whether a default shall be opened to let the defendants in to plead usury, but whether they having done so in good time, shall be barred from having a trial, not for any fault or laches of their own, but by reason of an honest misapprehension of their attorneys.

III. The order is appealable. It clearly affects a substantial right. It is an absolute right of a party to have a trial of an issue which he lawfully makes, where the default has been suffered from mistake, inadvertence, surprise, or excusable

neglect. It is true that the Code speaks of "discretion," but it is a sound legal discretion, governed by established rules, and not a mere caprice, of which the Code speaks.

*T. C. Buckley*, for respondents.

BY THE COURT.—DALY, F. J.—The application to set aside the judgment which was regularly taken by default, was properly denied. The defence set up by the answer was usury, which, though a defence, as a matter of strict right is regarded as one of the most unconscionable, because the party setting it up not only defeats the claim for usurious interest, but in this State, secures for his own benefit, the forfeiture of the entire debt. It is distinguishable in this respect from the defence of the statute of limitation, where, if the creditor is cut off by the statutory presumption of payment from lapse of time, it is in consequence of his own negligence or the defence of bankruptcy, in which a man unable to pay his debts is, by the operation of a humane and politic statute, discharged from them, upon giving up all his property to his creditors. Our statutes, with the view of preventing the making of usurious contracts, has deprived the party who loans money at usurious interest of all remedy for recovering back the principal. It does not merely render void the contract for the payment of usury, but allows a party to retain what is not his, because it has been loaned to him upon the expectation or promise that he will pay for the use of it more than the legal rate of interest; and although it is our duty to carry out the statute efficiently where such a defence is set up, with all the consequences that attach to it, our duty in that respect does not and cannot lessen the impression we must entertain, in conscience and in morals, of the man who is not even willing to give back what he has received, when he comes before the Court, and asks at our hands a favor.

As the judgment was regularly obtained, the defendants are not entitled, as a matter of right, to have the judgment set aside; but it rests in the discretion of the Court, whether their application now to come in and defend, will or will not be granted; and where such an application has been made to the Judge sitting at the special term, and he has, in the exercise

Farish v. Corlies.

of his discretion, refused it, I should feel disposed to hold that his decision is not reversible at the general term. It was held by the Court of Errors in *Rowley* v. *Van Benthuysen*, 16 Wend. 369, that the decision of the Chancellor in refusing to vacate an order taking a bill pro confesso, and to allow a party to come in and defend, was not a proper subject of appeal, but a matter addressed to the mere discretion of the Chancellor. And it was held by the Court of Appeals in *Fort* v. *Bard*, 1 N. Y. 43, where a defendant suffered a bill to be taken as confessed against him, and then applied upon affidavit excusing his default, and claiming to have a valid defence upon the merits to set aside the default, and for leave to come in and answer, that it was not an appealable matter, but a question of practice, addressed to the discretion of the Chancellor; and that it could not become a matter of inquiry what consideration governed his mind in denying the motion, and it was therefore immaterial whether his decision was right or wrong. This case was determined after a full review of the authorities, and Chief Justice Bronson, after remarking that this rule stands as strong upon principle as upon authority, lays down the general principle in these words: "Within certain prescribed periods, a party, who has been sued either at law or in equity, has a right to appear and make his defence. It is a strict legal right of which he cannot be deprived. But when that time has expired, and his default has been taken, the legal right is at an end; and if he wishes to be heard he must ask it as a matter of grace and favor, * * * and whether his motion is granted or refused, it is final so far as relates to a court of review." There is nothing in the Code affecting the application of the principle. The general term sits as a court of review to which the words of Chief Justice Bronson are as applicable as they were to the Court of Appeals. The Code provides for the review of an order where it affects a substantial right; but a party cannot, as has been said by Mr. Townshend in his notes upon the Code, have a right to what a court has the discretion to grant or withhold. Though this would of itself, in my judgment, be sufficient reason for dismissing the appeal, I have been disposed to go further, and express my full approval of the order denying the defendant's application.

The Court in *Lovett* v. *Cowman*, 6 Hill, 226, after character-izing usury as an unconscionable defence, remarked upon the authority of numerous cases, that "if a defendant intends to rely upon it, he must take care to set it up at the proper time and in the proper way. He is not entitled to any special favor for the purpose of enabling him to bring about a forfeit-ure of the debt," though a distinction was taken in that case, which was a decision at special term, founded upon another special term decision of the same Judge, (*Allen* v. *Mapes*, 20 Wend. 633,) between relieving a defendant who had set up the defence of usury from a judgment accidentally taken against him by default, and permitting a defendant to amend a plead-ing by setting up such a defence. This decision, as Judge Bronson admits, has frequently been found fault with. It ap-pears to have been followed by Judge Parker in another special term decision, (*Grant* v. *Mc Caughin*, 4 How. 216,) where, in opening a default he refused to impose as a condition that the defendant should not plead usury. In my mind this distinc-tion, which lets in this unconscionable defence where a judg-ment taken by default is set aside, and excludes it when the favor is asked of amending a pleading, is a distinction more nice than meritorious. It is in either case a valid defence, and as both are applications made to the favor of the Court, the same healthy exercise of discretion which excludes it in the one case should be equally exercised to exclude it in the other. In *Fort* v. *Bard* supra, the Chancellor refused to open the judg-ment and allow the party to set up as a defence a violation of the restraining act without paying back the money he had actually received; and a party who asks, as a favor, that a judgment obtained against him be set aside to enable him to establish the defence of usury, without giving back what he has received, asks the Court to aid him to retain what is not his, after he has lost the legal right to insist that it is forfeited to him. This is going farther than a Court is called upon to go in giving effect to the statute against usury. It is a very severe statute, with the wisdom or policy of which we have nothing to do, and we discharge our duty when we see that it is strictly administered in cases where parties have the legal right to have its provisions applied, and we are not called upon to go beyond that. *Fulton Bank* v. *Beach*, 1 Paige, 427. The

Farish v. Corlies.

peculiar circumstances of this case furnish a good illustration of the propriety of adhering to the course of doing nothing as matter of favor to enable parties to establish such a defence, and of leaving them, in all such cases, to their strict legal right. The action on this note was not between the original parties to the usurious agreement, but the plaintiff is an innocent holder for value, who bought the note before maturity, from a note broker, upon the assurance that it was a business note, and the defendants themselves, or at least one of them, were the instruments by which he was deceived into the purchase. Accompanying the note, in the hands of the broker, was a certificate signed by, and in the handwriting of, the defendant Corlies, declaring that it was a business note, and that it would be paid at maturity, in addition to which the plaintiff took the further precaution of sending the note to the office of the other defendant Burr, at which place it was shown to a person who said it was business paper, and that the indorsement was in Burr's handwriting. After the inquiry, which was all that a prudent man could be expected to make, the plaintiff bought the note at a discount, and now, when he seeks to recover the amount of it, he is met by the objection that it is void for usury. Even in adopting the rule that a judgment by default will be set aside to let in the defence of usury, Judge Bronson in *Allen* v. *Mapes* supra, admits that the nature of such a defence may be taken into consideration upon such application under very special circumstances. The circumstances of the case render it one eminently fitted to constitute such an exception, but I think the more satisfactory course and the better rule in all application to the favor of the Court, is to shut out such a defence altogether, if the party has lost the legal right to make it. The order below is affirmed.