JOSEPH H. RAMSEY, Appellant, v. JAY GOULD and others, Respondents.

(GENERAL TERM, FIRST DEPARTMENT, JANUARY, 1871.)

An order opening a default taken, and allowing a trial, is discretionary; it does not affect a substantial right, and is not, in general, reviewable on appeal.

Per CARDOZO, J.: When made in the palpable abuse of discretion, such an order may be reviewed on appeal.

APPEAL from an order at Special Term.

Present—INGRAHAM, P. J., and CARDOZO, J.

INGRAHAM, P. J.   The order appealed from was an order setting aside an order denying a motion to postpone the trial, and ordering a dismissal of the complaint for the reason that the plaintiff's counsel declined to proceed with the trial, and designating a day on which the extra allowance was to be fixed by the court, with a proviso that the judgment of dismissal should not be entered if the plaintiff appeared on that day selected to proceed to trial.

On the entry of this order the plaintiff moved on a notice of motion at chambers to vacate and set aside the order granted at Special Term dismissing the complaint.   The grounds on which this motion was made were, that the injunction which had been continued in force until 20th October had prevented him from getting ready for trial; that the order made at Special Term on the 20th October, modifying the injunction so as not to prevent the plaintiff from going to trial, did not give him the necessary time to prepare for trial, and that he was not prepared with the proper witnesses, and it was impossible for him to go to trial.

The judge at Special Term granted the motion.   It is evident from these papers that the plaintiff was required to go to trial after he had been restrained by injunction for a long time until a few days before the trial was called on, and without the means of obtaining the evidence which he had sought for before the injunction from the books of the defendants.

Under such circumstances the plaintiff had no other course to adopt than to refrain from bringing on the case for trial.

I omit reference to the supposed violation of the injunction by the plaintiff because said violation did not justify further violations without exposing him to punishment, although it was claimed that in consequence thereof the injunction presented no excuse for his refusal.

I do not think he was irregular in moving to open this default of his in not bringing the case to trial.   He had the right to excuse it, and on showing good reasons for so doing, he might have had his neglect to appear relieved on such terms as the court should see fit to grant.   The proper mode

of doing so was by a motion founded on affidavits explaining such neglect. He had no opportunity to do so on the trial. By the rule of the court he could only make such application before the justice assigned to hold the chambers, and an application to another justice would have been in violation of these rules.

Such motions are not uncommon. No Circuit or Special Term is held in which such default of plaintiff or defendant is not frequently entered. The parties who desire to be relieved do not wait for a formal order to be entered, because if they did so wait judgment could be entered against them. The course of practice invariably is on affidavit to apply to the justice assigned to hear motions, and obtain a stay of proceedings, and make a motion to be relieved. There is nothing more in this proceeding.

Whether the justice rightly granted the motion, is another question; but I can see no impropriety in the plaintiff making the motion in the manner and before the justice by whom this order was granted. (See *Leighton* v. *Wood*, 17 Abb., 177.)

As to the question whether this order is appealable, I am of the opinion that it is not. The defendant had obtained no substantial right by the dismissal of the complaint; he lost no such right by having the default opened and giving the plaintiff an opportunity to try the case. He could have the same right by bringing a new action without the consent upon a mere payment of costs. The giving an opportunity for trial did not, in any way, affect a substantial right. In the *People* v. *N. Y. Central R. R. Co.* (29 N. Y., 418), DENIO, C. J., defines the violation of a substantial right as intended in this connection to be, when a party is charged with the payment of a sum of money which he ought not to pay.

So long ago as 16 Wendell, 369, the Court of Errors held that an application to open a default was not appealable. In *Fort* v. *Bard* (1 N. Y., 43), BRONSON, J., says: The right to appear and make a defence is a strict legal right, of which he cannot be deprived; but when his default has been entered,

Ramsey *v.* Gould and others.

the legal right is at an end. The motion for leave, &c., is addressed to the discretion of the court.

Whether the motion is granted or referred the decision is final, so far as relates to a court of review.

In *Millard* v. *Van Raurt* (17 Abb., 319 note), the General Term of this district held that a refusal to open a default was not appealable. And in *Lytton* v. *Wood, supra,* the General Term of this district held that orders setting aside inquests were discretionary, and were not subject to review on appeal.

In *Baldwin* v. *The Mayor, &c.* (2 Keyes, 387), the Court of Appeals held that an order vacating a judgment obtained by fraud or collusion was a discretionary order, and was not appealable.

In *Farish* v. *Corties* (1 Daly, 274), the Common Pleas held that an order granting or denying such a motion was not appealable.

While cases holding this doctrine are numerous, not one has been cited except the case of *Joice* v. *The Mayor* (12 Abb., 309), which was a case where judgment had been entered up, and the same was vacated under an act authorizing the comptroller to move to vacate such judgment.

My conclusion from all the cases is, that an order opening a default taken upon the trial and allowing a trial *is a dis-* cretionary matter with the justice granting it, does not affect a substantial right, and is not reviewable on appeal.

Something was said upon the argument as to the impropriety of one justice granting such a motion when the default has been taken before another under peculiar circumstances, showing a desire to avoid a trial before such justice. However improper that may be, still, in my opinion, those matters are to be addressed to the discretion of the justice before whom the motion is made. If it is made to appear that the counsel moving to be relieved from such default has been guilty of such impropriety, we are bound to presume he has given due examination thereto. But such fact by no means makes the order appealable, if it were not so under ordinary circumstances. It is still a discretionary order. It is said also that the

order was not a final one, and the order did not so direct, but was open to further proceedings on the adjourned day.

The order directed a dismissal of the complaint and reserved the case to a future day to fix the allowance, with a privilege to the plaintiff to go on at that day with the trial.

But it must be remembered that the plaintiff had been under injunction order a short time before the trial. The order of the twentieth October, made on the application of the defendant's attorney, only relieved the plaintiff from that injunction so far as not to interfere with any preparation for such trial, including the subpenaing of witnesses. He has sworn and his counsel has also sworn that they could not prepare for trial in that time. There was, therefore, no reason for saying they were sufficiently relieved by that order to enable them properly to prepare for trial.

The order appealed from is not, in my judgment, appealable, and the appeal should be dismissed.

CARDOZO, J. I concur with Judge INGRAHAM, that the proceeding before Judge BARNARD was only a default; and, with some hesitation, I acquiesce in the conclusion to declare the order made by Judge BRADY not to be appealable. While I do not differ from the opinion that the action of the Special Term, in opening a default, is generally not appealable, I am not willing, by my silence, to seem to assent or agree to the proposition that it is never so. If there is a palpable abuse of discretion, the order made may be reviewable. This has been frequently held, even when the question arose in respect to the exercise of discretion as to the extent of a cross-examination of a witness.

Without elaborating this opinion with citations of authorities, or illustrations of the application of this rule, I quote only from the remarks of Judge BRADY in *Plato* v. *Kelly* (16 Abb. Pr., 188): "The limit of a cross-examination is entirely in the discretion of the judge conducting it. This is an elementary rule, and one founded in good sense and justice. It is true that the exercise of discretion is not abso-

Ramsey *v.* Gould and others.

lute in its effect. *If it be abused,* the party injured has his remedy by appeal. The defendants have not shown that the discretion exercised by Judge Hilton was an abuse of power, and the appeal must therefore fail."

I do not feel by any means certain that, tested by that standard, the order below should not only be reviewed, but, if reviewable, reversed.

The default suffered by the plaintiff was plainly not only willful, in the bad sense of that term, but was the result of consultation among his counsel, not because they were really in good faith unprepared, but because they chose to assume that the judge then presiding was prejudiced, and, so assuming, took the responsibility of "objecting," and "declining" to go to trial before him. Whether, under such circumstances, an order relieving them from the default is not an abuse of discretion, I do not mean to say; but this I do say, that it was a most unwise exercise of discretion, lacking, if at all, but very little, to bring it up to the point of abuse. I say it was unwise, because it is greatly calculated to impair the dignity of a judicial tribunal, when one judge affords relief to a suitor who has dared to impugn another judge of the same court. The dignified, the right course, would be to refer such an application to the judge whose authority was thus contemned, and not, by entertaining a motion for relief, seem to give countenance to such practice to avoid trying a cause before a particular judge, as was resorted to here. To entertain such motions is to sit in judgment over the rectitude of an associate, and to establish a practice which may some day be used against those who assert or approve such a rule. Prejudiced and bitter partisans, or disappointed or defeated litigants, or practitioners whose small minds are incapable of a noble sentiment, or of any higher feeling than that of envy at the success of those whose positions they covet, but have not intellect to attain or fill, may be allowed to indulge in vituperation of the motives and conduct of their superiors. Proceeding from such sources, attack and abuse are impotent, and only reveal the assailants, however they may attempt to mask and conceal

themselves, in their true light, making the assailed brighter by contrast. But it will be sad indeed for the honor, dignity and usefulness of courts, when judges shall give color to base-less assaults upon each other by granting favors to those who make them, instead of promptly and effectually rebuking them. With this protest, so that I may not be misunderstood, I am willing, giving to the respondent the benefit of the doubt whether this case should or not be considered within the principle I have mentioned, to concur with Judge INGRA-HAM in dismissing the appeal, but without costs.

Appeal dismissed.