LEAKE *vs.* BERGEN and others.

1. The circumstances and facts constituting the usury, and not mere inferences, must be set forth in an answer setting up the defence of usury.

2. Where the defence of usury rests upon the laws of another state, the laws must be pleaded, and the pleading must set out what the laws are.

3. Where, in such case, an answer alleges violation of laws, the presumption is, in the absence of any averment to the contrary, that the laws are those of this state.

4. The laws of this state on the subject of usury, do not apply to a transaction having its whole inception and completion in another state.

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. A. Zabriskie,* for complainant.

*Mr. E. W. Runyon,* for Bergen and wife.

THE CHANCELLOR.

The defendants, the mortgagors, in their answer, set up usury. The loan was made in the city of New York, and the bond and mortgage were delivered there. The answer states

Leake *v.* Bergen.

that the complainant, the mortgagee, " demanded and exacted," as a consideration for the loan, that the mortgagors, or one of them, should pay him $1035.71, as and for a bonus or premium for the loan, which was of the sum of $7250, and insisted that they should give him their note for the first-mentioned sum; and it further states that they gave the note to him accordingly, for the bonus or premium. Though it subsequently states that the bond and mortgage and note were simultaneously executed by them in pursuance of " said agreement," yet no agreement on the subject is mentioned. The answer further pleads the alleged usury as follows : " And the defendants, in further answering jointly and severally, say that the complainant, in his exacting, demanding and receiving said note and retaining the same in his control aforesaid, received and took a higher rate of interest on said contract of loan than was then or is now allowed by the law of the place where the contract was made and entered into, respecting said loan and between the said parties, or of the place where payment of said loan, by the terms of the contract, was or is to be made. And further, they submit and insist that the contract contained in the aforesaid bond and mortgage and note, were and are usurious and corrupt, and contrary to the laws or statutes respecting usury, and against taking or contracting to take or receive interest at a rate higher or more than the legal rate of interest allowable by law, either directly or indirectly ;" and they " insist on and pray the same benefit and advantage of said laws and statutes and of each of them, as if they had, jointly and severally, specially pleaded the same fully, by their title and sections and exact phraseology and language thereof, herein." The usury is not well pleaded. *Westerfield* v. *Bried,* 11 *C. E. Green* 357 ; *Cotheal* v. *Blydenburgh,* 1 *Halst. C. R.* 17, 631 ; *Campion* v. *Kille,* 1 *McCarter* 229 ; *S. C.,* 2 *McCarter* 476 ; *Dolman* v. *Cook,* 1 *McCarter* 56 ; *Andrews* v. *Torrey, Id.* 355 ; *Atwater* v. *Walker,* 1 *C. E. Green* 42. Where the defence of usury rests upon the laws of another state, the laws must be pleaded, and the pleading must set out what the laws are. *Curtis* v. *Masten,* 11 *Paige* 15 ; *Cutler* v. *Wright,* 22

*N. Y.* 472; *Walker* v. *Maxwell,* 1 *Mass.* 104. This answer merely alleges that the complainant, by "exacting, demanding and receiving the note and retaining it in his control," received and took a higher rate of interest than was or is allowed by the law of the place where the contract was made, or of the place where payment of the loan was or is, by its terms, to be made.' And it "submits and insists" that the bond, mortgage and note were and are "usurious and corrupt, and contrary to the laws or statutes respecting usury, or contracting to take or receive interest at a rate higher or more than the legal rate of interest allowable by law, either directly or indirectly," and prays the benefit and advantage of the laws and statutes as if specially pleaded. What the laws are to which reference is thus made, does not appear. The loan appears by the answer to have been made in New York, and the bond and mortgage and note were given there. The laws and statutes referred to in the answer, must be presumed to be, in the absence of any averment to the contrary, the laws and statutes of this state; but the laws of this state on the subject of usury, do not apply to the transaction, for it is shown by the answer to have been a New York transaction. There will be a reference to a master, to ascertain the amount due the complainant for principal and interest on his mortgage.