## *In re* BEAR and others, Bankrupts.

*(District Court, S. D. New York.   July 14, 1881.)*

1. PRACTICE—AMENDMENTS—STATUTES OF LIMITATIONS.
    Amendments will not generally be allowed for the purpose of setting up statutes of limitation to defeat claims otherwise equitable and just.
2. DELAY PROCURED BY REQUEST.
    One cannot take advantage of delay procured by his attorney's request.

In Bankruptcy.   Petition of Hunter.

*Geo. Bell,* for petitioner.

*Fred. W. Henrichs,* for assignee.

BROWN, D. J.   The general rule is not to allow amendments for the purpose of setting up statutes of limitation merely to defeat a claim otherwise equitable and just.   *Walcott* v. *McFarlan,* 6 Hill, 227; 2 Wend. 294; 7 Cow. 401.   While the *Eleventh Ward Bank Case* was pending and undetermined it was undesirable that other suits of a similar character should be multiplied.   Jones properly waited for its determination.   After that he acted promptly in preparing and forwarding proof of secured claim to be filed.   The mistakes made by his attorneys as to the filing of claims show gross carelessness or inattention on their part; but I think the consequences should not be visited upon Jones, an absent non-resident creditor who held a legal lien on the assets.   The affidavit of Brainsby shows that Jones' attorneys were about to file petition for the enforcement of his lien on the proceeds within the two years, but were deterred from doing so by the request of the assignee's attorney on the ground of an appeal taken by the latter.   It would be inequitable to allow the assignee to take advantage of the delay thus procured by his attorney's request, *(In re Maybin,* 15 B. R. 468,) and I think the usual rule should be applied denying the motion, without costs.