(80 Misc. Rep. 191.)

### BANCROFT–GRAHAM v. HALLEY.

(City Court of New York, Trial Term.  March,, 1913.)

JUDGMENT (§ 138*)—OPENING DEFAULT—LACHES.

 Where defendant pending an action for money agrees to pay the full amount claimed and asks an extension of time, stipulating "that she has no defense to the action," and plaintiff stipulates in writing to not proceed in the action for two weeks, a default judgment entered after the expiration of the last of four similar stipulations will not, by reason of defendant's laches, be vacated on motion therefor proposing that defendant be permitted to set up usury as a defense.

 [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 249–251, 254; Dec. Dig. § 138.*]

Action by Annie Bancroft-Graham against Rose Halley.  On motion by defendant for order to show why default judgment for plaintiff should not be vacated and set aside.  Motion denied.

Charles Thaddeus Terry, of New York City, for plaintiff.
Isaac W. Goodhue, of New York City, for defendant.

FINELITE, J.  Defendant applies for an order why the judgment entered herein for the sum of $989.41 on the 23d day of January, 1913, should not be vacated and set aside, and why the default of the defendant in failing to serve her answer herein should not be opened. It appears from the facts herein that the action was commenced on the 28th day of October, 1912, by the service of a summons and complaint on the defendant to recover the sum of $900, the same being installments of principal due this plaintiff under and by virtue of a bond of the defendant dated September 18, 1911; that the installments due under said bond were for the months of May, June, July, August, September, and October of the year 1912, being $150 due and owing on the 15th day of each and every of the said months; that the form of bond that was executed by the defendant was the form of the Halley Land & Improvement Company, a domestic corporation, of which this defendant was on the 18th day of September, 1911, and ever since that time an officer; that said defendant, as an officer of said corporation, was in the actual management of the business thereof; that after said action was commenced the defendant called at the office of the plaintiff's attorney, stating that she was willing to pay the amount claimed in full, and asked that she be allowed to make part payments on account thereof, and signed stipulations extending the time for the payment of the balance; that in the stipulations signed by the plaintiff's attorney he agreed that the plaintiff would take no proceeding in this action until and including the 18th day of November, 1912, and that the defendant stipulated "that she has no defense to the action." This was on November 4, 1912, and similar stipulations were signed on November 19, 1912, the 2d day of December, 1912, December 16, 1912, and December 20, 1912.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The proposed answer that the defendant interposes herein sets up as an affirmative defense that the mortgage and bond, that was executed by her for the principal to be paid, carried interest thereon that was usurious. It has been held that a defense of usury is an unconscionable one, and the courts will not usually open a judgment obtained by default to establish it, or allow the amendment of a pleading for that purpose. In Farish v. Corlies, 1 Daly, 274, which was a similar motion to this one, Daly, J., writing the opinion for the court, said, on page 278:

"The court in Lovett v. Cowman, 6 Hill, 226, after characterizing usury as an unconscionable defense, remarked, upon the authority of numerous cases, that: 'If a defendant intends to rely upon it, he must take care to set it up at the proper time and in the proper way. He is not entitled to any special favor for the purpose of enabling him to bring about a forfeiture of the debt'—though a distinction was taken in that case, which was a decision at Special Term, founded upon another Special Term decision of the same judge (Allen v. Mapes, 20 Wend. 633), between relieving a defendant who had set up the defense of usury from a judgment accidentally taken against him by default, and permitting a defendant to amend a pleading by setting up such a defense. This decision, as Judge Bronson admits, has frequently been found fault with. It appears to have been followed by Judge Parker in another Special Term decision (Grant v. McCaughin, 4 How. Prac. 216), where, in opening a default he refused to impose as a condition that the defendant should not plead usury. In my mind this distinction, which lets in this unconscionable defense where a judgment taken by default is set aside, and excludes it when the favor is asked of amending a pleading, is a distinction more nice than meritorious. It is in either case a valid defense, and, as both are applications made to the favor of the court, the same healthy exercise of discretion which excludes it in the one case should be equally exercised to exclude it in the other. In Fort v. Bard, supra [1 N. Y. 43], the chancellor refused to open the judgment and allow the party to set up as a defense a violation of the restraining act without paying back the money he had actually received; and a party who asks as a favor that a judgment obtained against him be set aside to enable him to establish the defense of usury, without giving back what he has received, asks the court to aid him to retain what is not his, after he has lost the legal right to insist that it is forfeited to him. This is going farther than a court is called upon to go in giving effect to the statute against usury. It is a very severe statute, with the wisdom or policy of which we have nothing to do, and we discharge our duty when we see that it is strictly administered in cases where parties have the legal right to have its provisions applied, and we are not called upon to go beyond that. Fulton Bank v. Beach, 1 Paige, 429."

The court thereupon affirmed the order, refusing to allow the defendant to set up the defense of usury. To the same effect, see Morris v. Slatery, 6 Abb. Prac. 74, wherein the cases on this subject are fully reviewed.

Crammond v. Roosevelt, 2 Johns. Cas. 282, was a case where the attorney for the defendant suffered an inquest to be taken by default at the sittings supposing there was no defense. The court refused to set aside the default to let the defendant in to show usury as a defense, and the opinion of the court, per curiam, held that:

"The defendant has had a full opportunity to make his defense, and the inquest was deliberately suffered to be taken. After this he must be precluded. It would be too loose practice again to open the defense, on the ground of a mistake, either in the defendant or in his counsel. Here was

no circumvention or deception on the part of the plaintiff, and the defendant can have no legal claim beyond a fair opportunity to make his defense. Public policy and expediency, as well as the danger of such a precedent, require that thereafter there shall be an end to litigation."

The motion was thereupon denied.

The defendant herein, being cognizant of the fact and having vast experience in real estate transactions, knowing the result of preparing and entering into obligations of debt, and being familiar with legal papers, the court can safely say that it can be presumed she had knowledge of the fact that in this action brought against her, predicated upon an obligation executed by her and on which she was liable, did agree to enter into the number of stipulations by signing the same, as hereinabove recited, and should not now receive any benefit from the court or be allowed at this late day to come in and interpose an answer setting up the alleged defense of usury, bearing in mind the number of payments made by her upon her obligation. As the court said in Bass v. Carley (Sup.) 96 N. Y. Supp. 1023, 1024, which was a case almost analogous to the question now here to be decided and wherein the court wrote (per curiam):

"The motion to open the default was properly denied. In view of the fact that the defendant permitted five weeks to elapse from the entry of judgment before making his application, and of his having been examined in supplementary proceedings, and having requested and obtained an adjournment of his further examination in those proceedings, there is little doubt that the motion was an afterthought, and not deemed to be necessary for the protection of any substantial rights possessed by the defendant and affected by the judgment."

The order denying the motion to open such default was affirmed.

The defense of usury, as well as other defenses that are considered unconscionable, is never allowed to be interposed where a party is in default, unless promptly interposed and an excuse offered why the default was suffered to be taken through mistake, and that there is no laches. Benedict v. Arnox, 85 Hun, 283, 32 N. Y. Supp. 905.

In deciding this motion the court has in mind that a defendant may now interpose any defense, whether unconscionable or not; but that question is not before the court on this motion. Not alone is the defendant guilty herein of gross laches, after payments have been made upon the obligation signed by her, and repeated extensions obtained for those payments, and stipulations signed by her herein. The court should not now lend itself to encourage those that are lax in defending themselves when actions are brought against them. The plaintiff's attorney admitted upon the argument herein that by inadvertence or mistake the clerk taxed $50 more than the plaintiff was entitled to. This amount, I have no doubt, he is willing to deduct from the judgment as entered. The motion to open the defendant's default and allow her to interpose the proposed answer annexed to her moving papers must be denied.

Motion denied.