Tub Chancellor.
The bill is filed to foreclose a mortgage for $5000, given by Turner and wife to Michael Righter, assigned by him (on the sixth of July, 1854,) to Robert Dod, and by Dod assigned to the complainants.
The defence is usury. The mortgagor, by his answer admitting the execution of the bond and mortgage, denies that he was indebted to Righter in $5000, or in any other sum, at the time of the execution of the mortgage, but states, that being in want of money, and wishing to procure a loan, he applied to one Stille Manning for a loan of $5000; that Manning told him he thought the money could be procured from Dod by giving Dod $500 and Manning $100; that the defendant, by Manning’s direction, made the mortgage to Righter for $5000, as set forth in the complainant’s bill, and being in straightened circumstances, and unable to procure the money elsewhere in time to meet his obligations, the de *328 fendant delivered said bond and mortgage to Righter, and received from him Dod’s checks for $4500; that the sum of $500 was required by Dod as a bonus over .and above the legal interest on said loan; that he paid $100 to Manning for securing the loan; and that the bond and mortgage were made to Righter merely for the purpose of evading the laws of this state respecting the rate of interest on loans: and the defendant insists that the said loan was and is 'usurious under the laws of this state.
Upon the case made by the answer, the loan was made by Dod to the defendant. The usury consisted in Dod’s receiving $500 as a bonus over and above the legal interest. Manning was a mere agent. The mortgage was made to Righter to evade the usury laws. He received the $100 by way of commission. That is not charged to be usurious.
There is an entire failure to prove the usury as set out in the answer. Dod, Manning, and Righter are called as witnesses by the defendant. Dod says he bargained with Manning for the bond and mortgage — "bought it. out and out from him. He offered me the bond and mortgage. I told him if it was a clear transaction — nothing usurious about it— I would give him $4500 for it. I supposed the bond and mortgage belonged to Manning or Manning & Co., or I would not have bought it of them. Manning did not apply to me to loan the money, nor did I tell Manning to have the mortgage made to Righter.” Righter, the mortgagee, says that he paid $5000 for the mortgage, viz. $2500 in two checks of his own, $500 in a check of Turner’s given up to him, and $2000 in Manning &j Co’s check, payable to Turner. All the witnesses, in terms, deny the usury. It will not avail to say that the relation of the witnesses to each other, and the circumstances proved by them, render it highly probable that the loan was in fact made by Dod to Turner, and that the transaction was a mere cover for usury. The usury must be proved, not left to conjecture.
Nor will it avail the • defendant that upon the case as proved, the loan being made by Manning & Go., the taking *329 of $100 by Manning, constitutes usury. That is not the case made by the answer. The answer alleges that the money was borrowed of Dod, and that the usury consisted in the taking of $600 by him over and above the legal rate of interest.
The corrupt agreement must be distinctly set out, and must be proved as alleged. Vroom v. Ditmas, 4 Paige 526; New Orleans Gas Light and Banking Co. v. Dudley, 8 Paige 452; Curtis v. Masten, 11 Paige 15; Rowe v. Phillips, 2 Sandf. Ch. R. 14; Cole v. Savage, Clarke’s Chan. R. 363.
The same rule prevails at law, except in the action of assumpsit. In that action every defence which shows that the plaintiff never had any cause of action may be given in evidence under the general issue. But in all other forms of action the usury must be specially pleaded and proved as alleged. Comyn on Usury 201 — 3; 1 Chitty's Pl. 512; 2 Saund. Pl. and Ev. 895 [ed. 1831); Catlin v. Gunter, 1 Duer 253; Gould v. Horner, 12 Barb. 601.
It is urged that a defective statement of the usury can only be taken advantage of by way of exception to the answer. It will be found in some of the reported cases that the objection has been successfully taken at the hearing. But admitting the principle to be as stated, it has no application to this case. The objection is not that the answer is defective, but that there is a variance between the allegation and the proof. The case proved is not within the issue made by the pleadings. The general allegation at the close of the answer, that the contract is usurious, does not enlarge or qualify the facts specifically stated and set forth as constituting the usury.
The complainants are entitled to a decree.