CRANE and others, appellants, and THE HOMEOPATHIC MUTUAL LIFE INSURANCE COMPANY, respondents.

A plea or answer setting up usury as a defence, must state specifically the facts of the bargain.

Appeal from decree in accordance with the opinion of the Vice-Chancellor, reported in 10 *C. E. Green* 418.

*Mr. W. J. Magie*, for appellants.

*Mr. W. H. Arnoux*, for respondents.

The opinion of the court was delivered by

THE CHIEF JUSTICE.

In this case I have not found it necessary to consider the merits of the matter in controversy. The answer is radically defective, so that the defence, which is usury, cannot be presented to the court under it. Nor is it necessary to discuss this question of pleading, for the subject is *res adjudicata* in this state. In the cases of *The New Jersey Patent Tanning Co.* v. *Turner*, 1 *McCarter* 326, and *Taylor* v. *Morris*, 7 *C. E. Green* 606, the latter decision being made by this court, the doctrine was conclusively settled that a plea or answer setting up the defence of usury, must state specifically the facts of the bargain. It is not possible to hold that this has been done in the present record. The defendants' averment here is, that it was agreed that the complainants should reserve and take, for the sum of $11,000, loaned for one year, the sum of $1004.69 as a bonus, in addition to lawful interest. But the proof is that this was not the bargain, but that for the sum so withheld, there was given to the complainant a policy on the life of his son. The agreement to give this policy was a part of the bargain, and, therefore, by force of the established rule, could not be omitted. To permit this,

would be, very plainly, to abolish the rule. This was the view of the Vice-Chancellor, who heard the case in the Court of Chancery, and in that view I entirely concur. The decree should be affirmed, with costs.

Decree unanimously affirmed.