## PETRUS ARNAUD

*v.*

## William Grigg and others.

1. Leave given to amend an answer to supply an omission arising from oversight of the solicitor who drew the answer, and which was not discovered until the cause was ready for hearing.

2. Under the circumstances, it was ordered that the answer stand as if amended, unless the complainant should object on the ground of surprise.

---

Bill to foreclose.   Motion for leave to amend answer.

*Mr. A. Zabriskie,* for the motion.

*Mr. A. S. Boyd, contra.*

1

THE CHANCELLOR.

The bill prays, among other things, for a decree for deficiency against David Mayer as to one-half of the complainant's mortgage. His liability to such decree is based on his assumption and agreement contained in a deed from Esther Lichtenstein and her husband to him. The answer admits that by the deed he assumed and agreed to pay one-half of the mortgage, but denies his liability thereon to the complainant. It expressly pleads that the deed was, in fact, only a mortgage. In the progress of the testimony a deed of defeasance, executed by Mrs. Lichtenstein, then a widow, and Mr. Mayer, whereby he agreed to reconvey, on payment of her debt, and she agreed to pay one-half of the principal and interest of the complainant's mortgage, was offered in evidence. This instrument is neither set out nor referred to in the answer. The evidence is closed and the cause has been set down for final hearing. Mr. Mayer now asks permission to amend his answer by setting up this instrument therein. It appears by his affidavit that on receiving notice of the suit he committed his defence wholly to his solicitor, and delivered to him all his papers in connection with the subject, including the before-mentioned instrument. He swears that when he made affidavit to his answer he believed that under it he would be entitled to the full benefit of the instrument in this suit. His solicitor swears that the instrument was so delivered to him by Mr. Mayer, and that it was in his possession when he drew the answer. He adds, that it was only through oversight that it was not set up in the answer; that he believed that it was set up therein, up to the time of preparing his brief to be used on the final hearing, and that he did not discover the omission until after he had, in fact, prepared his brief. The motion for amendment is opposed by the complainant's counsel. The allowance of an amendment of the answer is in the discretion of the court. The defendant does not propose by the amendment to make a new defence, but merely more effectually to set up one which is already presented by the answer. The

Arnaud *v.* Grigg.

amendment does not appear to me to be material; but at this stage of the cause I will not say that it is not. The purposes of justice seem clearly to demand that the amendment, if material to the defence, be allowed. The defendant is himself in no fault whatever. His solicitor swears that the omission was due to mere inadvertence on his own part. The instrument has been made an exhibit in the cause. It does not appear, and it is not even alleged, that the complainant will be deprived of any right or even prejudiced in the conduct of the cause by the allowance of the amendment. There is abundant precedent for allowing it. In *Nail* v. *Punter*, 4 *Sim.* 474, leave was given to a defendant to amend by stating facts she had desired to state in her answer, but which she had been prevailed upon to omit by the mistaken advice of her solicitor. So, too, under like circumstances, in *Burgin* v. *Giberson,* 8 *C. E. Gr.* 403. In *Dagly* v. *Crump*, 1 *Dick.* 35, a defendant was allowed to amend his answer by limiting the admission of assets contained therein. The admission was most important, and was made by mistake and the carelessness of the solicitor who drew the answer. See, also, *Hughes* v. *Bloomer*, 9 *Paige* 270, and *Curling* v. *Marquis Townshend*, 19 *Ves.* 628, and *Swallow* v. *Day*, 2 *Col. C. C.* 133. In *Fulton* v. *Gilmour*, 8 *Beav.* 154, leave was given after the cause was at issue and on the paper to file a supplemental answer to correct an important date. And see *S. C. on appeal*, 1 *Phill.* 522. In *Bowen* v. *Cross*, 4 *Johns. Ch.* 375, an amendment was allowed under circumstances quite similar to those presented in this case. There appears to be no occasion for delaying the hearing by reason of the leave to amend. Unless the complainant objects, on the ground of surprise, to that course of practice, there will, under the circumstances, be an order that the answer stand as if amended by setting up the instrument. *Podmore* v. *Skipwith*, 2 *Sim.* 565. If objection be made on that ground, leave will be given to file a supplemental answer.