THE INHABITANTS OF THE TOWN OF WEST HOBOKEN v. JOHN G. SYMS.

The statute of limitations should be regarded as a strict defence, and if the party lets it slip, the court ought not to relieve him.

Argued at February Term, 1887, before Justices VAN SYCKEL, MAGIE and PARKER.

For the plaintiffs, *Gilbert Collins.*

For the defendant, *J. B. Vredenburgh.*

The opinion of the court was delivered by

VAN SYCKEL, J. This is a suit upon the bond of one Andrew Anderson, tax collector of said township of West Hoboken, on which bond the defendant, Syms, is the surety. The act of February 13th, 1883 (*Rev. Sup., p.* 427) provides that any prosecution to be had or commenced upon any bond theretofore or thereafter given by any city, county or township collector, shall in nowise operate against or in any manner affect the sureties named in said bond, unless such prosecution shall be commenced within nine years after the date of said bond, and not after.

The defendant having failed to plead this statute within the time limited by law, now asks leave to be permitted to plead it on behalf of the surety.

In the first place it is insisted, on the authority of *State v. Hardenburgh's Sureties, 2 Penn.* 355, that the word "prosecution" in the act of 1883 indicates an intention to make the statute operate as an absolute release of the surety

unless the prosecution is commenced within nine years.  In that case, a motion was made to take out execution in favor of one Tunison upon a judgment against the sheriff and his sureties in 1797.  The statute then existing provided that " any prosecution to be had on sheriff's bonds, in order to affect sureties, should be within six years after the passing of the act."  The Chief Justice held that the motion to assess damages and take out execution for the applying creditor must be made within the six years ; he regarded the motion to assess as a prosecution within the meaning of the act.  In this view of the law, the majority of the court did not concur, the case having been decided on other grounds.

Whether the proceeding upon this bond is styled a " prosecution," or an " action," the surety, to avail himself of the limitation, must plead it specially.

In suits upon sheriff's bonds, the statute has always been pleaded as a statute of limitations.  *Knowlton* v. *Read*, 6 *Halst.* 320.  In *Cox* v. *Rolt*, 2 *Wilson* 253, permission to add the plea of the statute of limitations was refused.  To the same effect is *Willet* v. *Atterton*, 1 *W. Bl.* 35.

In the New York courts, down to the time of the adoption of the code, such plea was never allowed to be added after issue joined.  *Hallagan* v. *Golden*, 1 *Wend.* 302 ; *Jackson* v. *Varick*, 2 *Wend.* 294 ; *Allen* v. *Mapes*, 20 *Wend.* 633 ; *Wolcott* v. *McFarlan*, 6 *Hill* 227 ; *Utica Ins. Co.* v. *Scott*, 6 *Cow.* 605 ; *Sagory* v. *N. Y. Railroad*, 21 *How. Pr.* 455.

Since the adoption of the code a different rule has prevailed.  The cases will be found by reference to *Gilchrist* v. *Gilchrist*, 44 *How. Pr.* 317.  They make no distinction between those pleas which set up a forfeiture and those which do not.

In *Catlin* v. *Gunter*, 11 *N. Y.* 375, Judge Johnson says that the code contains provisions on the subject of variances applicable to all actions, and after reciting some of those provisions, he observes " that the court is not warranted in applying a different rule to the defence of usury from that which would be applied in other cases ; that the law had not made

any distinction between such defences as involve forfeiture and' those which do not, and the court could make none."

Defences involving forfeiture are not so favored in this state. Time for answering will not be extended in order to allow defence of usury to be interposed. *Collend* v. *Smith*, 2 *Beas.* 43. This rule has been adhered to strictly, although the entire debt is not now forfeited by taking usurious interest. *Roberts* v. *Birgess*, 5 *C. E. Green* 139 ; *Young* v. *Clarksville Company*, 12 *C. E. Green* 67.

In Massachusetts the plea of limitation is not regarded as a meritorious defence, and is not favored. *Perkins* v. *Burbank*, 1 *Mass.* 81.

I think the statute of limitations should be regarded as a strict defence, and if the party lets it slip, the court ought not to relieve him.

The motion should be refused.

Whether, under the case of *Warshung* v. *Hunt*, 18 *Vroom* 256, the Limitation act of 1883 applies to this case, it is not necessary now to decide.

On account of engagements in the Circuit, Mr. Justice Parker took no part in the decision of this case.