JAMES M. DUNLAP

v.

EMMA L. CHENOWETH et al.

[Submitted November 14th, 1917.  Decided November 17th, 1917.]

1. A corrupt bargain to contravene the statute is essential to sustain a plea of usury—withholding of a part of the loan as a bonus, without a previous agreement to that effect, does not constitute usury.

2. The defence of usury must be timely and strictly pleaded, and the answer must set out the particular facts and circumstances of the alleged usurious agreement.

3. Under the evidence in this case *held* that complainant is entitled to a decree with a reduction in the amount claimed.

On pleadings and proofs.

*Mr. Horace F. Nixon (Messrs. Bleakly & Stockwell, of counsel), for the complainant.

*Mr. John Boyd Avis,* for the defendants.

BACKES, V. C.

This is the usual foreclosure bill and the defence is usury. The bond and mortgage were made by the defendant Emma L. Chenoweth to Horace F. Nixon, a member of the Camden bar, who evidently deals extensively in mortgage investments. According to his own statement, he has negotiated loans for more than nine million dollars, mostly in small sums. Mrs. Chenoweth, sorely pressed by creditors, applied to him for a loan of $12,000

on her home in Woodbury, and agreed to pay him $240 to procure it. The mortgage was to be for one, two or three years at five per cent., if possible; if not, at five and a half or six per cent. Apparently unable to find a lender as quickly as her circumstances demanded, Mr. Nixon advanced the money himself. He liquidated the fixed liabilities upon the mortgaged property and gave to Mrs. Chenoweth his check in payment of the difference, after deducting a brocage of two per cent., the alleged usury. The bond was written at six per cent., with the understanding that Mr. Nixon was to place the loan at five per cent., if possible. He sold the mortgage to the complainant, Dunlap, giving him his written guarantee for the prompt payment of the principal and interest, for a commission of one per cent., a practice that was quite common with him. Although the defendant is in arrears since August, 1914, Mr. Nixon has regularly paid the interest at the rate of five per cent. His dealings with the complainant and through them his ability to reap, for a time, one per cent. on the loan, were not disclosed by Mr. Nixon to his client, Mrs. Chenoweth. Now, advised by counsel of the consequences of this lapse of duty and moved perhaps by the intimations in a memorandum opinion filed in this suit by another judge, he has, in open court and in the brief submitted, offered restitution and reduction of interest. That closes the incident.

The defence of usury, which involves forfeiture of interest and costs of suit, even if it were timely and properly pleaded, is not made out by the proofs. Mr. Nixon was hired to secure a lender, and if successful, he was to receive the remuneration agreed upon. He was not, and there that particular bargain ended. Under the new arrangement, and when Mr. Nixon himself advanced the money, there was no agreement between him and Mrs. Chenoweth that he should have a commission of two per cent. out of his loan. Such a bargain executed would be clearly usurious. In making the settlement, Mr. Nixon arbitrarily withheld $240 for his compensation, to which Mrs. Chenoweth, at the time, submitted. That this was the true situation was affirmed by Mrs. Chenoweth, as well on the stand as by her original answer, in which she asserted that "the charge of fee or commission was without any previous agreement and

was simply deducted from the proceeds of the mortgage loan by the said Horace F. Nixon." A corrupt bargain to contravene the statute is essential to sustain the plea of usury. Withholding of a part of the loan as a bonus, without a previous agreement to that effect, does not constitute usury. *Howell* v. *Auten, 2 N. J. Eq. 44; Ware* v. *Thompson, 13 N. J. Eq. 66; Muir* v. *Newark, 16 N. J. Eq. 537; Auble* v. *Trimmer, 17 N. J. Eq. 242; Kase* v. *Bennett, 54 N. J. Eq. 97.* The remedy for the wrongful detention is to correct the settlement and not to forfeit the interest, if there was no contract to evade the statute. *United States Mortgage Co.* v. *Sperry, 138 U. S. 313.*

Mr. Nixon's subsequent success in placing the mortgage at five per cent., as he had promised to do, entitles him to his brocage of one-half of one per cent., the maximum rate under the fifth section of "An act against usury." *Comp. Stat. p. 5706.* It is insisted that the loan from Mr. Dunlap to the defendant was for a term of five years, and hence the charge of $240 was within the statute. I can find nothing in the record justifying this claim. The mortgage was drawn for one year and there was no binding obligation to extend the time.

Now, as to the pleadings—the defence of usury must be timely and strictly pleaded, otherwise it will be indulged only to promote the equities of the cause. *Richards* v. *Weingarten, 58 N. J. Eq. 206; Vandeveer* v. *Holcomb, 22 N. J. Eq. 555.* The first answer, filed within time, on January 6th, 1916, set up, as already stated, that the two per cent. was charged for services without previous agreement, and a deduction was prayed. After notice of motion to strike it out, an order was entered February 14th allowing an amendment. On February 24th, by way of counter-claim (?), the charge and deduction of $240 commission was again set up, substantially in the language of the original answer, but characterized as usury, and allowance was prayed. The cause came on for hearing on April 4th, when counsel associated with Mr. Nixon applied for a continuance and consented to a further amendment setting up usury in proper form. This consent was withdrawn the following day on the ground that it had been given under a misapprehension. At the final hearing the defendant filed an amended counter-claim in

form hereinafter stated. This amendment will be permitted to stand as an answer to abate the principal debt but not to plead the defence of usury. It is out of time. There is no order allowing it, and the consent to its filing, which was hastily given and promptly withdrawn, ought not to prejudice the complainant. Had the application to amend been made to the court it would have been denied upon terms. *Richards* v. *Weingarten, supra.*

The amendment does not allege usury as required by the rules of pleading. After setting up the facts and circumstances of making the loan, as hereinbefore related, the answer continues

"and in making settlement therefor the said Horace F. Nixon deducted and retained from said principal sum the sum of $240 which these defendants by their acquiescence at that time agreed to pay to said Horace F. Nixon for the loan and use of said sum of $12,000 in addition to interest at the rate of six per cent. per annum upon the loan or forebearance thereof."

This is argumentative. It disclosed no corrupt bargain for the loan of the money and is no more than an averment that in making the settlement Mr. Nixon retained $240 for his compensation, to which for the time being the defendant's attitude was passive. One of the four essential allegations of the defence of usury is that the contract for the loan of money was made between the parties, with the intent to violate or evade the statute against usury. *Kase* v. *Bennett, supra.* The further allegation

"that the said bond or obligation made upon the contract as aforesaid, between the said Horace F. Nixon and these defendants, for the loan of money and the bond and mortgage set forth in the said bill of complaint were given in pursuance of the agreement above set forth, with corrupt intent to violate and evade the statute against usury,"

was intended to supply another required averment, viz., that the bond and mortgage were given in pursuance of the corrupt intent that influenced the contract for the loan. This, too, is faulty, because it assimilates the infirmities of the previous insufficient allegation of a corrupt bargain upon which it is predicated. Combined, the allegations do not supply the deficiencies. In setting up a defence of usury in a suit in chancery, the defendant must in his answer, as in a plea of usury in an action at law, set out the particular facts and circumstances of the supposed usu-

rious agreement, that the court may see that the agreement was in violation of the statute.  *Taylor* v. *Morris, 22 N. J. Eq. 606.*

The complainant is entitled to a decree for the amount of principal less $180 (the difference between the brocage, charged and allowed), with interest at six per cent. to the date the complainant purchased the mortgage (September 27th, 1912).  He paid for it in three installments.  Interest will be calculated at the same rate to the date of final payment, December 7th, 1912, on the unpaid portions, and after that date at five per cent.  Credit is to be given for all payments made on account of interest.  Under the circumstances, no costs will be allowed.  Mr. Nixon is the real prosecutor of the suit, upon whom the costs should fall, and, as the complainant has his guarantee, and has been paid his interest in full, an adjustment can readily be made.