The complainant filed its bill to foreclose in this cause. Afterwards the complainant gave notice to the answering defendants of a motion for an order referring the cause to a master for the reason that the answers put in did not set up any defense or present any question except such as might properly be referred to a master, under rule 192. And thereupon an order was made referring the cause to one of the *Page 487 
masters of this court to ascertain and report if complainant's mortgage was due and payable, and, if so, the amount due the said complainant for principal and interest upon the mortgage held by it upon the premises mentioned and described in its bill of complaint; what interest, if any, the defendants had in the mortgaged premises; whether the principal of the mortgage was due and payable; on what date the defendants defaulted, if at all, in the payment of the interest and taxes in violation of the terms of the complainant's mortgage, and any valid agreement in respect thereto, and whether the mortgaged premises should be sold, and, if so, as a whole or in parcels, and if in parcels, in what order.
The notice to refer was given under rule 192, which provides:
"Whenever, in a suit for foreclosure of mortgage, or for partition, the answer or answers shall not appear to set up any defense or to present any question except such as, in the opinion of the court, may be properly referred to a master, it shall not be necessary to set down the cause for hearing in order to obtain a reference, but the same may be granted on motion on notice to the solicitor or solicitors of the answering defendant or defendants."
This rule was adopted in 1879, and is, of course, intended to be a rule of practice and presupposes that answers in foreclosure and partition suits are quite often put in for delay and should be referred to masters for speedy hearing; and this is often done, when they do not present more or less grave questions which ought to be referred to a vice-chancellor. However, the matter is left entirely to the court's discretion, and cuts much deeper than a mere matter of practice, because, as was said by Chief-Justice Beasley, speaking for the court of errors and appeals, it is lawful for the chancellor to refer a litigation to a vice-chancellor or a master in chancery for consideration and advice in the usual course. Delaware Bay, c., Co. v. Markley,45 N.J. Eq. 139 (at p. 148). And this is doubtless because the chancellor can devolve powers upon his assistants without legislative sanction. In re Thompson, 85 N.J. Eq. 221, 258. It is a power inhering in the court. Ibid. *Page 488 
While it is a matter of greater propriety for the chancellor to refer litigated questions to a vice-chancellor, especially if they are ones of doubt or difficulty, rather than to a master — and that is the usual course — he has the power, nevertheless, to refer any matter, pending in the court, at any time, to a master for consideration and report. The reference to a vice-chancellor, as is well known, is general; that to a master specifies the subjects upon which he is to inquire and report, as his authority is limited and controlled by the order of reference, and he is confined to the directions of such order. Kaufman v. Jurczak,102 N.J. Eq. 66.
Thereafter, the answering defendants herein appealed from the whole and every part of the above-mentioned order of reference to the court of errors and appeals. And thereupon the complainant-respondent gave notice to the appellants that he would move before the court of errors to dismiss the above-stated appeal for the reason that an appeal would not lie from an order of reference to a master as that was entirely within the discretion of the chancellor. On the return of the notice the matter was argued, and the court of errors and appeals made an order, on February 7th, 1928, that the appeal be dismissed, with costs. See Collins Realty Co. v. George T. Sale, file No.7796, office of the secretary of state, clerk of the court of errors and appeals.
Let the master proceed to execute his office under the order of reference above mentioned. If the defendants should be aggrieved by his findings they may file exceptions to the master's report, and will have their day in court thereon, under rule 113. *Page 489