This is a bill to foreclose. The only defense interposed is that of usury. The defendant Louis Petnick answers and *Page 358 
says that he executed to the complainant a certain bond purporting on its face to secure the sum of $17,000, conditioned for the payment of that sum within five years from the date thereof, with interest at the rate of six per cent. per annum payable semi-annually, but denies that he was indebted to complainant in any such sum, and further says that the complainant only advanced the sum of $15,850, which was actually received by him as the consideration for said bond, notwithstanding it was therein recited that the indebtedness to the complainant was $17,000; and by way of special defense the defendant says that the bond and mortgage and the alleged indebtedness set forth in the bill of complaint are all tainted by usury and therefore void under the act of the legislature entitled, "An act against usury," for the reason that the defendant received the consideration aforementioned, notwithstanding that the bond and mortgage recited the full sum above set out; that although defendant received only the sum of $15,850, he paid the complainant interest on the sum of $17,000 from the date of the bond, March 14th, 1927, until March 14th, 1928, and that the complainant actually received usurious interest in the sum of $69; and he further says that he stands ready and willing to pay the complainant the sum of $15,781 (usurious interest paid being included) if complainant is willing to accept the same and take a decree for such sum without interest or costs.
The complainant now moves to strike out that part of the answer which attempts to set up usury as a defense and to refer the cause to a master in the usual form according to the practice of the court.
Complainant submits that the averment of the answer that the transaction was tainted with usury is not based upon facts showing a corrupt agreement in violation of the statute, but which are inferred solely from the fact that the amount admitted to have been received was less than the amount stated in the bond and mortgage; and that the averment ignores the plain provisions of the statute, which are that no person or corporation shall upon contract take directly or indirectly *Page 359 
for loan of any money above the value of six dollars for the forbearance of $100 for a year; or shall enforce any note, bond, mortgage or contract made for the payment of any money lent, on which a higher rate of interest shall be reserved or taken than is allowed by the law of the place where the contract was made; in which case the amount actually lent, without interest or cost of suit, may be recovered and no more. 4 Comp. Stat. p. 5704 §§1, 2.
In Taylor v. Morris, 22 N.J. Eq. 606, the court of errors and appeals, speaking by Mr. Justice Depue, held that in setting up a defense of usury in a suit in chancery the defendant must, in his answer, as in a plea of usury in an action at law, set out the particular facts and circumstances of the supposed usurious agreement, that the court may see that the agreement was in violation of the statute. The averment of the defendant was that the first mortgage was given to secure money loaned at the time the mortgage was made, and that only $1,746.10 were paid to him, the balance being retained by the complainant as a bonus in pursuance of a contract to that end between the parties; and with respect to the second mortgage the defendant's averment was that he was indebted to the complainant in the amount of two notes (one for $500 and one for $600), and that the mortgage was given for those two notes and the sum of $600 advanced when the mortgage was made, the balance being retained as a bonus for the loan; that the complainant had illegally retained upon the loans for which the notes were given ten per cent. over and above the lawful interest. At page 612, the opinion writer said: "I agree with the vice-chancellor that the testimony is insufficient to maintain the defense which is sufficiently pleaded in the answer."
In the case at bar it is true that there is no averment of any corrupt or usurious agreement between the parties, but it will be observed that the amount of the usurious premium and interest is particularly set out.
In Crane v. Homeopathic Mutual Life Insurance Co., 27 N.J. Eq. 484,
Chief-Justice Beasley, speaking for the court of errors and appeals, said: "In this case I have not found it *Page 360 
necessary to consider the merits of the matter in controversy. The answer is radically defective, so that the defense, which is usury, cannot be presented to the court under it. Nor is it necessary to discuss this question of pleading, for the subject is res adjudicata in this state. In the cases of The NewJersey Patent Tanning Co. v. Turner, 14 N.J. Eq. 326, andTaylor v. Morris, 7 C.E. Gr. 606, the latter decision being made by this court, the doctrine was conclusively settled that a plea or answer setting up the defense of usury must state specifically the facts of the bargain. It is not possible to hold that this has been done in the present record. The defendants' averment here is, that it was agreed that the complainants should reserve and take, for the sum of $11,000, loaned for one year, the sum of $1,004.69 as a bonus, in addition to lawful interest. But the proof is that this was not the bargain, but that for the sum so withheld, there was given to the complainant a policy on the life of his son. The agreement to give this policy was a part of the bargain, and therefore, by force of the established rule, could not be omitted. To permit this would be, very plainly, to abolish the rule. This was the view of the vice-chancellor who heard the case in the court of chancery, and in that view I entirely concur. The decree should be affirmed, with costs."
This appears to be the latest declaration of the court of errors and appeals upon this question, for although Marsh v.Vanness, 75 N.J. Eq. 607, was a case in the court of last resort involving usury and the pleading thereof, nevertheless, the opinion of the court of errors and appeals, setting out that of Vice-Chancellor Emery in the court of chancery, concluded with the assertion (at p. 614): "We concur in the finding of fact of the learned vice-chancellor and upon that ground affirm this decree, without considering the question of pleading involved."
While it appears, therefore, that the defense in this case is not pleaded with sufficient certainty, the question yet remains, may not the defendant amend his answer to set up that which he has, but defectively, pleaded, yet hoped and intended properly to plead? The defendant asks leave to *Page 361 
amend and does not propose by the amendment to make a new defense but merely more effectually to state one already presented by the answer. See Arnaud v. Grigg, 29 N.J. Eq. 1 (at p. 2).
In Glading v. Cubberly, 29 N.J. Eq. 104, Chancellor Runyon held that where usury was set up in the ordinary form appropriate to pleading that defense in this state, and it appeared that the agreement was not made in this state, and it also appeared that a premium had been taken for the loan of the money and a further premium for further forbearance, that unless the complainant would deduct the premiums and all interest received thereon, the defendant should have leave to amend his answer so as to set up the taking of the premiums.
I do not think that the fact that usury was set up in that case in the ordinary form appropriate to pleading it, is of special significance; for, it appeared that the agreement was not made in this state but in Pennsylvania, and there was no pleading of that at all. The case is a strong one for the allowing of an amendment in this case, upon terms.
In Boehme v. Rall, 51 N.J. Eq. 541, Vice-Chancellor Green held: "Where, in an action by a receiver of such corporation to set aside the mortgage, such foreign statute inhibiting such transfers is imperfectly pleaded in the bill, complainant will be granted leave, on request made during the trial, to amend his bill by properly pleading such statute, so as to render the latter admissible in evidence. The question of the allowance of such amendment is not governed by the rule that the court will not grant a favor to the defendant by way of extending time to plead, or to answer or amend the same, where he is in default, except on terms that he shall not interpose a plea of a mere statutory bar which does not reach the merits of the case, and which is termed unconscionable." And at page 546: "The rule undoubtedly is that the court will not grant a favor to the defendant by way of extending the time to plead, answer or amend the same, where he has been in default, except by putting him on terms not to take advantage of certain pleas which are called unconscionable. *Page 362 
But here the application is not made by the defendant to interpose a defense to what may be a meritorious action, by interposing a plea of a mere arbitrary bar created by legislative act without reaching the merits of the case, and which is termed and generally, in fact, is, an unconscionable defense; but by the complainant, who is an officer of this court, seeking, in discharge duty, to remove an encumbrance on property with which he is invested for the benefit of creditors. Besides, the rule referred to is based on the ground that the party by failing to plead in time, or omitting to plead a statute as a bar, in plea or answer filed, has waived the benefit therein made, and, in order to interpose some defense which he considers essential or desirable, he has to ask a favor of the court, and in extending the favor, the court will do it only on the terms that he shall not act inconsistently with his waiver, and make use of a defense considered against conscience. In this case there has been no waiver — the counsel has pleaded the New York statute, but has done it imperfectly. It is not unconscionable, for, if the statute applies, the mortgage never had any validity. There is no surprise, for counsel frankly admitted, on the argument, not only that he was not taken by surprise as to the fact that complainant relied on the statute of New York, but that he was also fully advised of the phraseology and operation of the same." Here, as there, there has been no waiver; the statute of usury has been specifically mentioned, but imperfectly pleaded; if it applies only the amount advanced can be collected, without interest or costs, and there is no surprise; the facts have been set out.
In Vineland v. Maretti, 93 N.J. Eq. 513, I held that this court will not grant leave to plead disfavored defenses after the time for answering has expired, nor grant leave to amend answers already filed so as to raise such defenses; but that is not the situation here. In this case, as already said, the defendant pleaded within time and raised, although defectively, the question of usury. I think he may now amend his answer so as to properly raise the issue, of which the complainant has notice and therefore is not surprised, as *Page 363 
above stated. It is true that usury is not a favored defense.Boehme v. Rall, 51 N.J. Eq. 541 (at p. 546). And it appears that leave will not be granted to set it up after time for answering has expired; but that is far short of saying that where it has been pleaded, but defectively, leave will not be given to amend the answer so as to plead it according to the rule governing the subject. I think it should.
Now, the motion here is to strike out that part of the answer setting up usury and to refer the cause to a master, notwithstanding the answer. Rule 192 of this court provides that whenever in a suit for foreclosure of mortgage or for partition the answer shall not appear to set up any defense or present any question except such as, in the opinion of the court, may be properly referred to a master, the same may be so referred. InCollins Realty Co. v. Sale, 102 N.J. Eq. 486, I held that the chancellor has the power to refer any matter pending in the court at any time to a master for consideration and report. The matter is entirely in the discretion of the chancellor, for, as was said by Chief-Justice Beasley, speaking for the court of errors and appeals, in Delaware Bay, c., Co. v. Markley, 45 N.J. Eq. 139
(at p. 148), it is lawful for the chancellor to refer a litigation to a vice-chancellor or a master in chancery for consideration and advice in the usual course.
The defendant will be permitted to amend his answer by properly pleading the defense of usury; and the cause will be referred to a master for report, notwithstanding the answer. The defense of usury can well be passed on by a master. The order of reference must specify the subjects upon which the master is required to report, and he will, of course, be confined to the directions of such order. Collins Realty Co. v. Sale, supra.
The defendant may take an order to amend, and the complainant may take an order of reference to a master. Each party prevailing in part no costs will be allowed on this motion, according to the rule. Folkman v. Myers, 93 N.J. Eq. 215. *Page 364