JACOB HOLDMAN, RESPONDENT, v. MICHAEL J. TANSEY, APPELLANT.

Decided January 14, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the appellant, *Michael J. Tansey, pro se.*

For the respondent, *Louis Spiegel.*

PER CURIAM.

The plaintiff brought suit to recover the amount claimed to be due to him from the defendant upon a promissory note for $1,000, dated October 25th, 1928, and payable thirty days after date, and also upon a check for $250, dated upon the same day. Both of these instruments were signed by the defendant and were payable to the plaintiff. The defendant filed an answer stating, with relation to the note, that "plaintiff charged defendant and defendant was compelled to pay a bonus and interest rate for the use and loan of said sum of $1,000, which was usurious and illegal." He also set up the same defense and in the same language as to the check given by him to the plaintiff. Plaintiff thereupon moved to strike out this answer, and the court, after hearing argument on the motion, directed the answer to be stricken out as sham, and that judgment be entered for the plaintiff for the full amount of his claim. The defendant has appealed from the judgment entered in accordance with this direction.

In our opinion the action of the court in striking out the answer in this case was proper. It is entirely settled that in setting up usury as a defense in an action at law the defendant must set out the particular facts and circumstances of the supposed usurious agreement, so that the court may see that the agreement was in violation of the statute. *Taylor* v. *Morris*, 22 *N. J. Eq.* 611; *Crane* v. *Homeopathic Mutual Life Insurance Co.*, 27 *Id.* 484. The allegations of the present answer do not, in the remotest way, suggest the facts or the circumstances intended to be proved, and the plaintiff is in no way apprised by the answer of the facts necessary to be met by him in resisting the defense.

For the reason indicated the judgment under review will be affirmed.