ALBERT BOROK, TRADING AS BOROK FURNITURE AND RADIO COMPANY, PLAINTIFF-APPELLANT, v. WILLIAM P. COLFER, DEFENDANT-RESPONDENT.

Submitted October 14, 1932—Decided June 10, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the appellant, *Michael G. Alenick.*

For the respondent, *J. Arthur Quinn* (*Thomas F. Guthrie,* of counsel).

PER CURIAM.

The instant case presents for review a judgment recovered on counter-claim against the plaintiff by the defendant.

Plaintiff below sues on a note, dated January 5th, 1932, in the sum of $250 with interest. Defendant counter-claims, saying that on April 29th, 1928, he received a loan of $300 from the plaintiff; that the plaintiff exacted usurious interest at the rate of thirty-six per cent. a year in monthly installments and that at the time of this suit there had actually been repaid on this original obligation of $300 the sum of $354.50, and claims because of this usurious exaction, to be entitled to an affirmative verdict of $54.50 against the plaintiff.

At the trial the plaintiff proved the note, dated January 5th, 1932, for $250 and rested.

The defense produced evidence sufficient to support a finding by the jury that on September 8th, 1931, defendant signed a note in blank for the plaintiff, which was to be for a sum (later to be ascertained by the plaintiff from his books of account) which was then due and owing on the original sum of $300 loaned April 28th, 1928. At the time of the original loan, back in 1928, defendant claimed that the plaintiff actually gave him only $291, having deducted $9 for one month's interest from April 28th to May 28th, 1928. Defendant further presented evidence from which the jury might conclude that a sum total of $354.50 was paid, which evidence was supported by very many exhibits, receipts for interest payments in various sums signed by the plaintiff. Plaintiff resisted this proof by testimony indicating that at the end of December, 1931, $250 in cash was loaned to the defendant and the note in suit represents this sum. No books of account, however, were produced to substantiate this. Plaintiff further testified that the receipts put into the case as defendant's exhibits represented installment payments on furniture which had been purchased from time to time by the defendant and had nothing to do with his loan obligation. No evidence was produced to corroborate these installment plan sales from plaintiff's books or otherwise.

These facts were submitted by the court to the jury and a verdict was returned in favor of the defendant on the counter-claim for the sum of $54.50 as claimed.

Plaintiff appeals because the court denied plaintiff's motion to dismiss the counter-claim on the ground that it did not properly plead usury. There is no merit in the contention.

The case was tried on the facts; the defense of usury was set up in the counter-claim with enough certainty to apprise the plaintiff as to what the claim of the defendant was.

The chief point in the appellant's case is that the defendant's counter-claim alleging usury should have been dismissed upon the ground that the defense of usury was not sufficiently pleaded. We think, however, that it was sufficiently pleaded.

The counter-claim by its first paragraph sets out an agreement for the lending of money; by the second paragraph a usurious rate of interest is pleaded while the third and fourth paragraphs set out the payments made under the usurious agreement and a demand by the defendant below for the excess paid over and above the lawful rate of interest. This satisfies the requirements by way of pleading of the defense of usury. *Holdman* v. *Tansey,* 8 *N. J. Mis. R.* 73; 148 *Atl. Rep.* 195; *Dunlap* v. *Chenoweth,* 88 *N. J. Eq.* 496; 104 *Atl. Rep.* 822, which sets forth the pleading requirements on a defense of usury in the court of equity.

We find no substantial merit in the point that the defense of usury was not properly pleaded.

The judgment will be affirmed, with costs.