ATLANTIC COUNTY CIRCUIT COURT.

FRANCES BROWN, PLAINTIFF, v. WALTER COMER, DEFENDANT.

Decided September 27, 1938.

For the plaintiff, *Wm. Elmer Brown, Jr.*

For the defendant, *Samuel Morris.*

JAYNE, C. C. J.  This action is prosecuted to recover the principal and interest alleged to be due and owing to the plaintiff on the promissory note of the defendant.  To the complaint an answer has been filed embodying two separate defenses, the first of which may be described as a general denial of all the allegations of the complaint and the second avers that the alleged cause of action accrued more than six years prior to the commencement of the action and that the action is therefore barred by the applicable provisions of the statute of limitations.

The plaintiff by this motion seeks the allowance of a rule striking out the answer and authorizing the entry of a summary judgment for the plaintiff.  To sustain the motion, an affidavit of the plaintiff is submitted which verifies all the material and essential allegations of the complaint.  The affidavit of the defendant is also presented.  This latter affi-

davit is obviously composed to aid the counter-motion to amend the answer to which reference will be presently made.

The second defense is manifestly and palpably sham. The defendant in his affidavit admits the making and delivery of the promissory note on July 29th, 1932. The present action was commenced on June 14th, 1938.

A motion is made on behalf of the defendant to amend the answer. The defendant asserts in his affidavit that the transaction evidenced by the note in suit was tainted with usury. Hence the request to now implant in the answer an averment of usury.

The defense of usury must, of course, be specially pleaded by averments which declare the particular facts and circumstances of the supposed usurious agreement. *Holdman* v. *Tansey*, 8 *N. J. Mis. R.* 73; 148 *Atl. Rep.* 195; affirmed in this particular, 107 *N. J. L.* 378; 151 *Atl. Rep.* 873; *Borok* v. *Colfer*, 11 *N. J. Mis. R.* 430; 166 *Atl. Rep.* 637; Supreme Court rule 58.

It is the settled rule, however, that the time for answering will not be extended in order to allow the defense of usury to be interposed. It must be timely pleaded. *Marsh* v. *Lasher*, 13 *N. J. Eq.* 253, 255; *Boehme* v. *Rall*, 51 *Id.* 541, 546; 26 *Atl. Rep.* 832; *Dunlap* v. *Chenoweth*, 88 *N. J. Eq.* 496; 104 *Atl. Rep.* 822; *Kobrin* v. *Hull*, 96 *N. J. Eq.* 41; 124 *Atl. Rep.* 365; *Mooney* v. *Petnick*, 104 *N. J. Eq.* 357; 145 *Atl. Rep.* 641; *Pitman Title and Trust Co.* v. *Bateman*, 119 *N. J. Eq.* 595; 183 *Atl. Rep.* 479. This rule is recognized and adhered to at law as well as in equity. *West Hoboken* v. *Syms*, 49 *N. J. L.* 546; 9 *Atl. Rep.* 780.

No terms being voluntarily suggested, the motion to amend the answer must be denied.

An examination of the affidavits reveals that, aside from the asserted payment of usury, there is a dispute concerning the amount owing on the note. The defendant states that he has made certain payments on account of the principal and interest and admits that he is indebted to the plaintiff for some balance. The first defense in the answer is a general denial. At the common law partial payments made prior

to the institution of the action might be proved under the general issue, yet the defendant was not bound to plead generally but might also plead specially and thus create by such plea a distinct issue relating solely to the partial payments therein averred. 1 *Chit. Pl.* *478, *480.

The plea of general issue was, of course, commonly regarded as a denial of the whole substance of the declaration. Therefore a plea purporting to be an answer to the whole declaration and which only averred partial payments or credits was bad on demurrer. A plea so composed as to answer only part of the plaintiff's count was regarded as sufficient as far as it extended and the plaintiff might then enter a *nolle prosequi* as to that part of his alleged claim disputed by the plea or he might reply and thereby put the averments of the plea in issue. 1 *Chit. Pl.* *523; *Flemming* v. *Hoboken,* 40 *N. J. L.* 270; *Grafflin* v. *Jackson,* 40 *Id.* 440. Our Supreme Court rule requires a defendant to specially deny in his answer such allegations of fact in the complaint as he intends to controvert. He may deny all of the allegations of the complaint generally when and only when he intends in good faith to controvert all of them. Supreme Court rule 58. The beneficial object of pleadings is to ultimately educe the true and actual controversial issue.

In the circumstances the application for summary judgment must be denied. The defendant may amend the answer by the averment of the payments claimed by him to have been made on account of the principal of the note and the interest thereon.